IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENISE JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 24-694-D ) |
| HONORABLE FRANK KENDALL, SECRETARY, U.S. DEPARTMENT OF THE AIR FORCE, in his official capacity, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is the Motion to Dismiss with Brief in Support of Defendant Honorable Frank Kendall [Doc. No. 6]. Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth herein, Defendant's motion is denied in part and granted in part.

## Background

Plaintiff brought this employment discrimination action against her current employer, Defendant, Honorable Frank Kendall, Secretary, U.S. Department of the Air Force ("Defendant"). Plaintiff alleged disparate treatment on the basis of both sex and race as prohibited by Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000.

In her complaint, Plaintiff, an African American female, alleges that, on October 28, 2021, Plaintiff applied for one of two open positions as a Supervisory Production Controller. A selection panel, consisting of two white females and a white male, oversaw hiring for the position. According to the complaint, the white male was solely responsible

1

for scoring the candidates' resumes.

After scoring, despite having more relevant experience, Plaintiff alleges that she was tied with a dark-skinned black male and a white female. Plaintiff was ultimately passed over for the promotion.

Plaintiff also claims that Defendant denied her overtime pay and that she "unfairly received less than satisfactory appraisal ratings."[1]

## Legal Standard

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In assessing plausibility, a court should first disregard conclusory allegations and "next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement

---

[1] In her response to the instant motion, Plaintiff added allegations related to age discrimination. She stated, "there is no dispute that Plaintiff is … a qualifying individual under the ADEA." Pl.'s Res. Mot. Dis. at 3. The Court, however, will not consider any additional factual allegations raised by Plaintiff in briefing. *See In re Qwest Commc'ns Int'l, Inc.*, 396 F. Supp. 2d at 1203 (disregarding additional factual claims asserted in briefing on a motion to dismiss, explaining that "plaintiffs may not effectively amend their Complaint by alleging new facts in their response to a motion to dismiss").

to relief" under the legal theory proposed. *Id.* at 681; *see Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).

## Discussion

Title VII creates a cause of action for discrimination based on an individual's "race, color, religion, sex, or national origin." *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 457 (1975) (internal citations omitted). A plaintiff can prove that an employer violated Title VII "either (1) by direct evidence that a workplace policy, practice, or decision relies expressly on a protected characteristic, or (2) by using the burden-shifting framework set forth in [*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)]." *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 213 (2015). Here, Plaintiff does not allege direct evidence of discrimination and therefore relies on the *McDonnell Douglas* burden-shifting framework.

To allege the failure to promote under *McDonnell Douglas*, Plaintiff must plead that she "(1) belongs to a protected class; (2) she applied for an available promotion for which she was qualified; [and] (3) she was rejected under circumstances which give rise to an inference of unlawful discrimination." *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1216 (10th Cir. 2013) (internal quotation marks omitted).[2]

Defendant argues Plaintiff has failed to allege the third condition—that Plaintiff's

---

[2] It is unnecessary that a plaintiff allege facts outlining the whole prima facie case at the pleading stage. As the Supreme Court has made clear, *McDonnell Douglas* provides "an evidentiary standard, [and] not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). The *McDonnell Douglas* framework does, however, assist judges to resolve "motions to dismiss by providing an analytical framework to sift through the facts alleged." *Morman v. Campbell Cnty. Mem'l Hosp.*, 632 F. App'x 927, 933 (10th Cir. 2015).

3

application was rejected under circumstances giving rise to an inference of discrimination. Defendant makes two arguments.

The first is that the presence of same-gender and same-race comparators eliminates any inference of discrimination. Defendant points out that two of the three evaluators for the promotion were women. Moreover, one of the applicants ultimately selected was an African American male—the other was a white female. According to Defendant, because women were involved at both the evaluation and selection stages of the promotion, no discrimination could have occurred on the basis of sex. Furthermore, Defendant contends that the promotion of an African American male eliminates the possibility of discrimination on the basis of race.

The Court is unconvinced that the presence of these comparators demonstrates that Plaintiff has failed to plead facts giving rise to an inference of discrimination. As the Tenth Circuit has held, "Title VII [ ] prohibits discrimination based on a combination of protected characteristics, such as 'sex-plus-race,' i.e., discrimination targeted only at employees of a particular race *and* sex." *Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1045 (10th Cir. 2020) (emphasis added). The Tenth Circuit went on to explain that courts should therefore recognize "claims for 'intersectional' discrimination[,]" based on the combination of multiple immutable characteristics, because such recognition "best effectuates congressional intent to prohibit discrimination based on stereotypes." *Id.* at 1049. Recognizing Tenth Circuit precedent and adopting all inferences in the light most favorable to the nonmoving party, the Court cannot find that Plaintiff has here failed to state a claim on which relief can be granted because of the presence of same-gender and

4

same-race comparators.

Defendant's second contention is that the complaint is "unclear on what basis Plaintiff claims to have more relevant experience than [the ultimately selected candidates.]" Moreover, the complaint does not state "in what way [Plaintiff] failed to receive appropriate credit [for her resume.]" Df.'s Mot. Dis. at 9.

Although, the Court agrees the Plaintiff's complaint lacks detail, "[s]pecific facts are not necessary" at the pleading stage. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Plaintiff's complaint "need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (quoting *Twombly*, 550 U.S. at 555). Though a close call, the Court finds Plaintiff has pled sufficient facts to give Defendant fair notice of the claim. Defendant's motion to dismiss as to disparate treatment is therefore **DENIED**.

Plaintiff also alleges that Defendant retaliated against her for engaging in protected activity. In her response to the instant motion, however, Plaintiff concedes "that her retaliation claim [could have been] better pled[.]" According to Plaintiff, facts exist to support the retaliation claim, but the requisite allegations are forthcoming and will only be provided following a motion for leave to amend her complaint. Pl.'s Res. Mot. Dis. at 5. At this point, Defendant's motion to dismiss as to these allegations is **GRANTED**.

Lastly, Plaintiff alleges that she was passed up for "overtime pay" and that she "unfairly received less than satisfactory appraisal ratings[.]" Having reviewed the complaint, the Court agrees with Defendant that these allegations are conclusory and lack sufficient detail to put Defendant on notice of the claim alleged. It is unclear, for example, what occurred or if other employees were treated differently. Defendant's motion to dismiss

as to this claim is therefore **GRANTED**.

**IT IS ORDERED** that the Motion to Dismiss with Brief in Support of Defendant Honorable Frank Kendall [Doc. No. 6] is **GRANTED** in part and **DENIED** in part, as set forth herein. Plaintiff's claims for disparate treatment as to overtime pay, "unsatisfactory appraisal ratings," and retaliation are **DISMISSED** without prejudice. Defendant's request for dismissal of Plaintiff's claim for disparate treatment is, however, **DENIED**, as Plaintiff made out a claim for which relief can be granted based on the failure to promote.

**IT IS SO ORDERED** this 11th day of March 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge