**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DENISE JONES,<br><br>Plaintiff,<br><br>v.<br><br>HONORABLE DR. TROY E. MEINK, Secretary, U.S. Department of the Air Force, in his Official Capacity,<br><br>Defendant. | ) | Case No. CIV-24-694-D |

## ORDER

Before the Court is the Motion to Dismiss with Brief in Support of Defendant Honorable Dr. Troy E. Meink. [Doc. No. 29]. Plaintiff filed a response [Doc. No. 34], to which Defendant filed a reply. [Doc. No. 35]. The matter is fully briefed and at issue.

## PROCEDURAL BACKGROUND

On July 9, 2024, Plaintiff filed this action against her employer, Honorable Frank Kendall, Secretary, U.S. Department of the Air Force.[1] Plaintiff alleged disparate treatment on the basis of both sex and race in violation of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000.

On December 6, 2024, Defendant Kendall filed a motion to dismiss. [Doc. No. 6]. The Court granted in part and denied in part the motion on March 11, 2025 [Doc. No. 11], dismissing Plaintiff's claims for retaliation and claims involving allegations she was passed

[1] On May 16, 2025, Honorable Dr. Troy E. Meink was sworn in as the Secretary of the United States Department of the Air Force. Therefore, he is now the properly named Defendant in this lawsuit.

up for "overtime pay" and that she "unfairly received less than satisfactory appraisal ratings." *Id.* Defendant's motion to dismiss was denied as to Plaintiff's disparate treatment claim. *Id.*

On September 19, 2025, Plaintiff filed her Amended Complaint alleging claims for race, color, and sex discrimination, and retaliation in violation of Title VII, and age discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA). [Doc. No. 26]. On December 8, 2025, Defendant filed the present motion to dismiss, seeking dismissal of all claims against him. [Doc. No. 29].

## FACTUAL BACKGROUND

In her Amended Complaint, Plaintiff, an African American female over forty years old, alleges that on October 28, 2021, she applied for one of two open positions as a Supervisory Production Controller. A selection panel, consisting of two white females and a white male, oversaw hiring for the position. Plaintiff contends the white male was solely responsible for scoring the candidates' resumes.

Despite having more relevant experience, Plaintiff alleges that her final score was tied with a dark-skinned black male and a white female—both applicants were substantially younger than Plaintiff and had less overall federal service than her. Plaintiff was ultimately passed over for promotion. She alleges the scoring system was manipulated to increase the scores of younger candidates over her score.

Further, she alleges in October 2022, she was again passed over for a Supervisory Production Controller vacancy. She received a lower score than the applicant selected. But

that individual was also significantly younger than Plaintiff and had less total federal experience.

In September 2021, the agency initiated a management-directed title change for a position. Plaintiff contends she was unable to apply or be considered for the position because the title change was done through an email without posting a competitive vacancy. The position was filled through a management-directed reassignment to a white male in his early forties.

Plaintiff alleges that for the period October 1, 2021, to September 30, 2022, her performance rating declined without valid performance justification. But younger supervisors with similar or lesser performance histories received higher appraisals. Further, Plaintiff alleges she repeatedly requested overtime during her employment but was denied. She argues this denial was in retaliation for filing an informal complaint with the Equal Employment Opportunity Commission (EEOC).

**STANDARD OF DECISION**

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts "'accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the' plaintiff." *Safe Sts. All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014)). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Rule 12(b)(6) standard does not

require that a plaintiff establish a prima facie case in the pleading, the court discusses the essential elements of each alleged cause of action to better "determine whether [the plaintiff] has set forth a plausible claim." *Id.* at 1192 (citation omitted).

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## DISCUSSION

### I. Title VII Discrimination Based on Race, Color, and Sex

Plaintiff alleges that Defendant discriminated against her based on her race, color, and sex. "All personnel actions affecting employees or applications for employment . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a).

A plaintiff can prove that an employer violated Title VII either "(1) by direct evidence that a workplace policy, practice, or decision relies expressly on a protected characteristic, or (2) by using the burden-shifting framework set forth in *McDonnell Douglas*." *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 213 (2015) (citation omitted). Here, Plaintiff's Amended Complaint contains no factual assertion of direct discrimination.

Accordingly, the Court evaluates the plausibility of Plaintiff's claims by using the *McDonnell Douglas* framework. The framework consists of the following steps:

> (1) the plaintiff must establish a prima facie case of discrimination or retaliation; (2) the defendant employer must offer a legitimate non-discriminatory reason for the adverse employment action; and (3) the plaintiff must show there is at least a genuine issue of material fact as to whether the employer's proffered legitimate reason is genuine or pretextual.

*Smothers v. Solvay Chems., Inc.*, 740 F.3d 530, 538 (10th Cir. 2014) (citation omitted).

**A. Failure to Promote**

To allege a failure to promote claim, Plaintiff must plead that she "(1) belongs to a protected class; (2) she applied for an available promotion for which she was qualified; [and] (3) she was rejected under circumstances which give rise to an inference of unlawful discrimination." *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1216 (10th Cir. 2013) (quotation and citation omitted).

Plaintiff alleges she applied twice for a Supervisory Production Controller vacancy but was not selected because "the scoring system was manipulated to elevate younger candidates over her despite her superior qualifications and long-term experience." [Doc. No. 26, at 6]. She contends that the selection panel consisted of two white females and a white male. Further, she asserts "the resume and interview scoring for the selection were manipulated and . . . she was more qualified than the individuals selected." *Id.* at 5. Her score in the resume review was tied with a darker-skinned black man and a white female. She had more relevant experience than those individuals, but was not given "appropriate credit for her relevant experience" and was denied the promotion. *Id.* at 6.

Defendant argues Plaintiff fails to establish intentional discrimination. The Court disagrees. The Court previously held in its March 11, 2025, Order that Plaintiff's allegations were sufficient to give rise to an inference of discrimination. As the Tenth

Circuit has held, "Title VII . . . prohibits discrimination based on a combination of protected characteristics, such as 'sex-plus-race,' i.e., discrimination targeted only at employees of particular race and sex." *Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1045 (10th Cir. 2020). The Tenth Circuit explained that courts should recognize "claims for 'intersectional' discrimination," based on the combination of multiple immutable characteristics, because such recognition "best effectuates congressional intent to prohibit discrimination based on stereotypes." *Id.* at 1049. "'[A]ccept[ing] as true all well-pleaded factual allegations in the complaint and view[ing] them in the light most favorable to the' plaintiff," the Court finds Plaintiff has minimally stated a sufficient claim on which relief can be granted for failure to promote. *Safe Sts. All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014)).

The Court's task here is complicated by the "kitchen sink" approach apparent from Plaintiff's pleading. Although the Court agrees Plaintiff's Amended Complaint lacks detail, "the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009) (citation and quotation omitted). Therefore, Defendant's motion as to Plaintiff's failure to promote claim pursuant to Title VII is **DENIED**.

**B. Other Discrimination Claims**

A plaintiff establishes a prima facie case of discrimination by showing that "(1) the victim belongs to a class protected by Title VII, (2) the victim suffered an adverse employment action, and (3) the challenged action took place under circumstances giving

rise to an inference of discrimination." *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1252 (10th Cir. 2021) (quoting *EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007)).

Plaintiff further alleges she was denied overtime while other white individuals were granted overtime. She also claims her appraisal score declined without valid performance justification while "younger supervisors with similar or lesser performance histories received higher appraisals." [Doc. No. 26, at 7].

To the extent Plaintiff attempts to characterize these allegations as a separate discrimination claim, the Court finds these allegations lack sufficient detail, and rely on bare conclusions. For instance, Plaintiff simply states unnamed "high-level reviewers intervened improperly or inconsistently" as part of discriminatory and retaliatory conduct, resulting in "younger supervisors with similar or lesser performance histories" receiving higher appraisals. [Doc. No. 26, ¶¶ 39, 40]. And Plaintiff's bare allegations regarding overtime appear aimed at a claim of retaliation rather than discrimination. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Khalik*, 671 F.3d at 1191.

Accordingly, Defendant's motion to dismiss as to these claims is **GRANTED**.

## II. Title VII Retaliation Claim

"To state a prima facie case for retaliation under Title VII, a plaintiff must show (1) that she engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Khalik*, 671 F.3d at 1192 (quotation and citation omitted). "To satisfy [the third] element, a 'plaintiff must

show that the individual who took adverse action against [her] knew of the employee's protected activity." *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1176 (10th Cir. 2007).

Plaintiff alleges she engaged in protected activity by filing three complaints with the EEOC, by initiating informal EEOC activity in May 2022, and timely contacting an EEOC counselor on April 19, 2022. She argues Defendant knew of these actions and subjected Plaintiff to materially adverse employment actions. Plaintiff alleges there was a temporal proximity between Defendant's alleged discrimination and Plaintiff's protected activity.

Before Plaintiff engaged in any protected activity, she asserts she "maintained satisfactory performance evaluations and was recognized on numerous occaisons for her performance." [Doc. No. 26, at 11]. But after engaging in protected activity, "Defendant subjected Plaintiff to materially adverse employment actions including (but not limited to) a May 23, 2022 change/limitation on weekday supervisory overtime and the denial of Plaintiff's overtime opportunities thereafter." *Id.* Additionally, "she received adverse appraisal ratings of 3/Fully Successful covering Oct. 1, 2021-Sept. 30, 2022 (contribution score 76), despite performing consistently at an Outstanding level." *Id.* And "Plaintiff's non-selection for supervisory positions in which Plaintiff was a competitive applicant also occurred following her protected activity, giving rise to an inference of retaliation." *Id.* at 12.[2]

[2] Plaintiff also asserts her non-selection for the Supervisory Production Controller vacancy in 2021 gives rise to an inference of retaliation. Defendant argues the Court should not consider allegations from 2021 because they predate Plaintiff's protected activity. The Court agrees and does not consider these allegations.

Defendant first argues Plaintiff's retaliation claim fails because Plaintiff cannot establish causation. Namely, Defendant argues Plaintiff fails to plead sufficient allegations to establish Defendant knew that Plaintiff engaged in protected opposition. Plaintiff alleges "Defendant had actual knowledge of Plaintiff's protected activity" and "attempted to address the disparate treatment and retaliation on multiple occaisons with her supervisor, but no actions were taken to protect Plaintiff from future discrimination." *Id.* at 11.

The Court agrees Plaintiff fails to plead sufficient allegations establishing that Defendant knew of the protected activity; Plaintiff simply concludes that "Defendant had actual knowledge of Plaintiff's protected activity." *Id.* at 11. Plaintiff makes no attempt to allege facts tying any supervisor or management staff to knowledge of her protected activity. Thus, Plaintiff pleads "bare assertions . . . [which] amount to nothing more than a 'formulaic recitation of the elements.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

The Court finds Plaintiff has failed to plead minimally sufficient facts to establish a claim for retaliation under Title VII. Accordingly, Defendant's motion as to Plaintiff's retaliation claim is **GRANTED**.

**III. ADEA Discrimination**

Title 29 U.S.C. § 633a provides "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . shall be made free from any discrimination based on age." 29 U.S.C. § 633a. "To prove a prima facie case of age discrimination, a plaintiff must show: '1) she is a member of the class protected by the [ADEA]; 2) she suffered an adverse employment action; 3) she was qualified for the position at issue; and 4) she was treated less favorably than others not in the protected

class.'" *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1279 (10th Cir. 2010) (quotation and citation omitted).

Plaintiff asserts she was subjected to adverse employment actions. Specifically, she alleges she was passed over for a promotion, denied the opportunity to compete for a supervisory role, denied overtime, and received a lowered performance rating due to her age. In support, she alleges the individuals chosen over her for certain roles were substantially younger and less experienced.

Defendant asserts Plaintiff fails to plead any allegations identifying her age, the ages of those she claims were treated more favorably, and the estimated age difference between herself and those she identifies as "substantially younger" than her. Plaintiff fails to respond to this argument in her response. At best, when discussing her Title VII claims, Plaintiff argues she has sufficiently pled that she was passed over for opportunities by individuals younger than her.

Even when viewing the factual allegations in the light most favorable to Plaintiff, the Court finds Plaintiff has failed to establish the fourth element of her discrimination claim. Without identifying the ages of those individuals she claims were treated more favorably, Plaintiff fails to establish they were not also in the protected class. Therefore, Plaintiff fails to sufficiently plead a prima facie claim for discrimination under the ADEA.

Accordingly, Defendant's motion with respect to Plaintiff's ADEA claim is **GRANTED**.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion to Dismiss with Brief in Support of Defendant Honorable Dr. Troy E. Meink [Doc. No. 29] is **GRANTED** in part and **DENIED** in part, as set forth herein. Plaintiff's claims for retaliation in violation of Title VII, discrimination in violation of the ADEA, and discrimination claims stemming from the allegations Plaintiff was denied overtime and received unsatisfactory appraisal ratings are **DISMISSED** without prejudice. Defendant's claim for failure to promote in violation of Title VII survives dismissal at this stage of the proceedings. Plaintiff is not granted leave to file a second amended complaint (actually, what would be her third operative pleading) at this time.[3]

**IT IS SO ORDERED** this 28th day of September, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

[3] A district court may properly require a plaintiff to file a motion that complies with FED. R. CIV. P. 15(a) and LCvR15.1 before considering whether to allow an amendment. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021); *see also Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009) (finding that plaintiff "must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment").